UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EUGENE W. SIDNEY,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                    03-CV-791S

UNITED STATES OF AMERICA,
Internal Revenue Service, Department
of the Treasury,

                Defendant.

1.    In this case, *pro se* Plaintiff Eugene Sidney seeks to recover taxes erroneously assessed and allegedly collected from him by the Internal Revenue Service ("I.R.S."). Plaintiff brings this action pursuant to 26 U.S.C. § 7422. Currently before this Court is Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2.    The following facts are undisputed for purposes of the instant motion. Plaintiff did not file a tax return for the 1992 income tax period. (Def.'s State. Undis. Facts, ¶ 1). Nonetheless, on April 15, 1993, the I.R.S. applied a $463.00 withholding credit to Plaintiff's account for the 1992 income tax period. (Def.'s State. Undis. Facts, ¶ 2 & Exh. A). Thereafter, on December 25, 1995, the I.R.S. made the following tax assessments against Plaintiff for the 1992 income tax period: a deficiency in the amount of $2,164, interest in the amount of $519.02, and a late filing penalty in the amount of $425.25. (Def.'s State. Undis. Facts, ¶ 3 & Exh. A). After these assessments were made, the I.R.S. determined that Plaintiff did not earn the income that generated the 1992 tax liability. (Def.'s State. Undis. Facts, ¶ 4). Therefore, the I.R.S. abated the assessed tax, interest,

and late penalty, and reversed the $463.00 withholding credit connected with the income. (Def.'s State. Undis. Facts, ¶¶ 5-6 & Exh. A).  No other payments or credits were ever applied to Plaintiff's account for the 1992 income tax period.  (Def.'s State. Undis. Facts, ¶ 6, Exh. A).

On September 25, 2001, Plaintiff filed an administrative claim for the $463.00 withholding credit, which the IRS denied.  (Def.'s State. Undis. Facts, ¶ 7 & Exh. B).  In a letter to Plaintiff dated September 11, 2002, the I.R.S. explained:

> The $463.00 withheld tax is associated with the tax liability set forth in the July 19, 1995 statutory notice of deficiency.  Subsequently, it was determined that you were not liable for the taxes shown in the notice.  To restate this latter determination, you were not responsible to report the Form W-2 income that generated the tax liability; this income is not attributable to you. It follows that the withheld tax shown on that particular Form W-2 is likewise not attributable to you.  Accordingly, you are not entitled to receive a refund of this $463.00 withheld tax, as it was withheld from taxable income/earnings determined to not be attributable to you.

(Def.'s State. Undis. Facts, Ex. B, p. 1).

3.     Plaintiff commenced this action on October 24, 2003, by filing a Complaint in the United States District Court for the Western District of New York.  On May 17, 2004, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  On March 30, 2005, this Court entered a Decision and Order denying Defendant's Motion to Dismiss.  Defendant, however, failed to file an answer and no other action was taken in this case.

On July 18, 2005, this Court directed Plaintiff to file an affidavit by August 19, 2005, showing cause why this case should not be dismissed for failure to prosecute.  In response, Plaintiff moved for Default Judgment against Defendant on August 22, 2005.

On August 25, 2005, Defendant filed a response to Plaintiff's Motion for Default Judgment, as well as a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

This Court denied Plaintiff's Motion for Default Judgment on November 8, 2005. Plaintiff has been granted two extensions to file a response to Defendant's Motion for Summary Judgment.  In both instances, Plaintiff was warned that failure to respond to Plaintiff's Motion would result in this Court granting the Motion as uncontested. Nevertheless, Plaintiff never filed a response.  For the following reasons, Defendant's Motion for Summary Judgment is granted.

4.      Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law."  Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970).  Of course, the reviewing court is only required to consider admissible

---

[1] In support of its Motion, Defendant filed a statement of undisputed material facts with an appendix and exhibits, a memorandum of law, an attorney declaration, and a notice to pro se litigant opposing summary judgment. Plaintiff never filed anything in opposition to Defendant's Motion.

3

evidence in ruling on a motion for summary judgment.  Nora Beverages v. Perrier Group of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).  "Only when reasonable minds could not differ as to the import of the [admissible] evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  Ultimately, the function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.

Once a moving party has met its initial burden to demonstrate that no genuine issue as to any material fact exists, the nonmovant "must come forward with evidence sufficient to allow a reasonable jury to find in their favor."  Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001) (internal quotations omitted).  "Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment."  Zdziebloski v. Town of Greenbush, 336 F. Supp. 2d 194, 201 (N.D.N.Y. 2004) (citing Carey v. Crecenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

Where a plaintiff is proceeding *pro se*, a court must read his submissions liberally, and interpret them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); Mikinberg v. Baltic S.S. Co., 988 F.2d 327, 330 (2d Cir. 1993).  At the same time, a plaintiff's *pro se* status "does not exempt [him or her] from compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983) (internal quotations and citations omitted).

5.  Under settled principles of sovereign immunity, the United States is immune from suit unless it consents to be sued.  United States v. Dalm, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368, 108 L. Ed. 2d 548 (1990).  The United States has specifically consented

to suits for the recovery of erroneously paid taxes. See Miller v. United States, 500 F.2d 1007, 1008 (2d Cir.1974). "However, a taxpayer may only invoke the waiver of sovereign immunity for a refund of purportedly overpaid taxes by complying with the requirements set forth in 26 U.S.C. § 7422 regarding the filing of a claim." Bastable v. I.R.S., No. 04-CV00415(ADS)(JO), 2004 WL 3170534, at *1-2 (E.D.N.Y. Dec. 27, 2004) (internal citations omitted).

   Section 7422(a) of the Internal Revenue Code ("Code") provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). Moreover, to satisfy the jurisdictional prerequisite to bringing an action in district court, the claim upon which the action is based must have been filed with the I.R.S. in a timely manner. C.I.R. v. Lundy, 516 U.S. 235, 240, 116 S. Ct. 647, 651, 133 L. Ed. 2d 611 (1996). To be timely, a "[c]laim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, . . . or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511. A taxpayer's failure to comply with a prerequisite to commencing suit in a federal court is a jurisdictional defect that cannot be waived. See e.g., Hynard v. I.R.S., 881 F. Supp. 92, 94 (E.D.N.Y. 1994).

   6. Based on the undisputed evidence, this Court finds that Plaintiff's administrative claim to the I.R.S. was untimely. The record reflects that Plaintiff did not file an income tax return for 1992. Therefore, he was required to file his administrative claim for a refund within two years of the time the tax was paid. See 26 U.S.C. § 6511. It is undisputed that the only payment or credit ever applied to Plaintiff's account for the 1992

5

tax period was the withholding credit applied on April 15, 1993. Plaintiff failed to file his administrative claim with the I.R.S. within two years of that date. In fact, Plaintiff's administrative claim was not filed until September 25, 2001, more than six years after the statutory deadline. Because Plaintiff's administrative claim was untimely under 26 U.S.C. § 6511, this action must be dismissed for lack of subject matter jurisdiction. See Dalm, 494 U.S. at 602, 110 S. Ct. at 1365.

IT HEREBY IS ORDERED that Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED.

FURTHER, that this case is dismissed for lack of subject matter jurisdiction.

FURTHER, that the Clerk of the Court shall take the necessary steps to close this case.

SO ORDERED.


Dated:      February 22, 2006
            Buffalo, New York

                                            /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge