UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EUGENE W. SIDNEY,

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                            03-CV-791S

UNITED STATES OF AMERICA,
Internal Revenue Service, Department
of the Treasury,

                Defendant.

1.    *Pro se* Plaintiff Eugene Sidney commenced this action on October 24, 2003, by filing a Complaint in the United States District Court for the Western District of New York. Therein, Plaintiff sought to recover taxes erroneously assessed and allegedly collected from him by the Internal Revenue Service ("I.R.S."), pursuant to 26 U.S.C. § 7422.

2.    On August 25, 2005, Defendant filed a Motion for Summary Judgment in this case. This Court granted Plaintiff two extensions to file a response to Defendant's Motion. Nonetheless, Plaintiff failed to file a response as directed.

3.    On February 24, 2006, this Court entered a Decision and Order granting Defendant's Motion for Summary Judgment and dismissing this case for lack of subject matter jurisdiction.[1] Specifically, based on the undisputed evidence, this Court found that Plaintiff's claim to the I.R.S. was untimely because he did not file an income tax return for 1992. Therefore, he was required to file his administrative claim for a refund within two years from the time the tax was paid as required by 26 U.S.C. § 6511. On the record

---

[1] Familiarity with this Court's February 24, 2006 Decision and Order is presumed.

1

before this Court, the only payment or credit ever applied to Plaintiff's account for the 1992 taxable period was the withholding credit applied by the I.R.S. on April 15, 1993. Plaintiff failed to file his claim with the I.R.S. within two years of that date, i.e., by April 15, 1995. In fact, Plaintiff's claim was not filed until September 25, 2001, more than six years after the statutory deadline. Because Plaintiff failed to timely file his tax claim with the I.R.S. as required by 26 U.S.C. § 6511, this Court dismissed this action for lack of subject matter jurisdiction. See United States v. Dalm, 494 U.S. 596, 602, 110 S. Ct. 1361, 1365, 108 L. Ed. 2d 548 (1990).

4.      On March 13, 2006, Plaintiff filed a Motion for Reconsideration. Therein, he argues that sovereign immunity does not apply because the I.R.S. did not exercise reasonable diligence when mailing the original Notice of Deficiency, and that he is entitled to partial summary judgment.

5.      The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Traditionally, courts treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment as long as such motion is filed no later than ten days from the entry of the judgment.[2] See, e.g., Cray v. Nationwide Mut. Ins. Co., 192 F. Supp. 2d 37, 38 n.1 (W.D.N.Y. 2001). Generally, Rule 59(e) permits reconsideration of a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice. See Patterson-Stevens, Inc. v. International Union of Operating Eng'rs, 164 F.R.D. 4, 6 (W.D.N.Y. 1995); Cray, 192 F. Supp. 2d at 39 (collecting cases).

Motions for reconsideration are not to be used as a means to reargue matters

---

[2] Plaintiff's Motion for Reconsideration was timely filed.

already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision. Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994). It is well settled that the decision to grant a Rule 59(e) motion is within the sound discretion of the court. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983); see also New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993) (Skretny, J.).

      6.     In the present case, Plaintiff has failed to draw this Court's attention to an intervening change in law, new evidence, or the existence of clear error or manifest injustice. As an initial matter, Plaintiff never filed a response to Defendant's Motion for Summary Judgment, despite being granted two extensions. That Plaintiff did not avail himself of the opportunity to respond does not obligate this Court to revisit Defendant's Motion in its entirety. Moreover, in his Motion for Reconsideration, Plaintiff does not cite to any evidence in support of his claim that the I.R.S. did not exercise reasonable diligence in mailing the Notice of Deficiency. Under the circumstances, it cannot be said that it was clearly erroneous for this Court to determine that Plaintiff's failure to file a claim until six years after the statutory deadline rendered his claim untimely. Accordingly, this Court will not reconsider its determination that it lacked subject matter jurisdiction over Plaintiff's tax claim on the basis that its determination was clearly erroneous.

Even if this Court were to exercise jurisdiction over Plaintiff's claim, there is no evidence that Plaintiff is entitled to a refund for the 1992 tax return period. First, it is undisputed that Plaintiff never filed a tax return for this period. Second, after issuing the July 19, 1995 Notice of Deficiency, the I.R.S. determined Plaintiff was not liable for the taxes set forth in the Notice, and that the income that generated the liability was not

attributable to Plaintiff.  Accordingly, the I.R.S. determined that Plaintiff was not entitled to receive a refund for that taxable period.  Plaintiff has failed to present any evidence that he earned the income which generated the 1992 tax liability and refund.  Because Plaintiff is not entitled to judgment on the merits of his claim, this Court's determination that it lacks subject matter jurisdiction over his claim does not present any manifest injustice.  Accordingly, Plaintiff's Motion for Reconsideration is denied.

IT HEREBY IS ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 28) and his request for partial summary judgment is DENIED.

SO ORDERED.


Dated:      April 28, 2006
            Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge